FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2006 JUL 24 PM 2: 40

CLERK _____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| MATTIE L. ROGERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 105-049 |
| | ) |
| JO ANNE B. BARNHART, Commissioner | ) |
| of Social Security Administration, | ) |
| | ) |
| Defendant. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Mattie L. Rogers ("Plaintiff") appeals the decision of the Commissioner of Social Security ("Commissioner") denying her application for Disability Insurance Benefits ("DIB") under the Social Security Act. Upon consideration of the briefs submitted by both parties, the record evidence, and the relevant statutory and case law, the Court **REPORTS** and **RECOMMENDS** that the Commissioner's final decision be **AFFIRMED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of the Commissioner.

### I. BACKGROUND

Based on claims of disability dating back to January 5, 2001, Plaintiff applied for disability benefits on March 23, 2001. Tr. ("R"), pp. 43-45. Plaintiff alleged disability due to back pain and deteriorating discs. R. 17. The Social Security Administration denied Plaintiff's application and her request for reconsideratin. R. 27-28. Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ"). R. 41-42. A hearing was convened on October 10, 2002. The ALJ heard testimony from Plaintiff, who was represented by

counsel, as well from a Vocational Expert ("VE"). R. 287-319. On November 22, 2002, the ALJ issued an unfavorable decision.

Applying the five-step sequential process required by 20 C.F.R. § 404.1520, the ALJ found:

1. The claimant has not engaged in substantial gainful activity since the alleged onset of disability.

2. The claimant has degenerative disc disease and depression, which constitute impairments considered "severe" based on the requirements in the Regulations 20 CFR § 404.1520(b).

3. These medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.

4. The claimant is unable to perform any of her past relevant work (20 CFR § 404.1565), but retains the residual functional capacity to perform a "significant range" of sedentary work[1] "with routine, repetitive tasks, detailed work instructions such as in semi-skilled work; maximum lifting of ten pounds, repeated lifting of one or two pounds; no prolonged sitting, standing, or walking. The claimant needs to change position every thirty minutes."

5. Based on the claimant's age, education, and work experience, Medical-Vocational Rules 202.28 and 201.29 used as a framework for decision-making, and the testimony of the VE, there are a significant number of jobs in the national economy that the claimant could perform, including: "adjustment clerk," "dispatcher," and "billing collector." Thus, the claimant was not under a "disability,"

---

[1]Sedentary work involves:

> lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R. § 404.1567(a).

>as defined in the Social Security Act, at any time through the date of this decision (20 CFR § 404.1520(f)).

R. 20-24.

Following the ALJ's decision, Plaintiff sought review by the Appeals Council ("AC"). R. 7-9, 12-13. The AC declined review, making the ALJ's decision the final decision of the Commissioner. R. 4-6. Plaintiff then timely filed this civil action in the United States District Court for the Southern District of Georgia requesting a reversal of the adverse decision.

## II. STANDARD OF REVIEW

Judicial review of social security cases is narrow and limited to the following questions: (1) whether the Commissioner's findings are supported by substantial evidence, Richardson v. Perales, 402 U.S. 389, 390 (1971); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); and (2) whether the Commissioner applied the correct legal standards. Chester v. Bowen, 792 F.2d 129, 131 (11th Cir. 1986). When considering whether the Commissioner's decision is supported by substantial evidence, the reviewing court may not decide the facts anew, reweigh the evidence, or substitute its judgment for the Commissioner's. Cornelius, 936 F.2d at 1145. Notwithstanding this measure of deference, the Court remains obligated to scrutinize the whole record to determine whether substantial evidence supports each essential administrative finding. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).

The Commissioner's factual findings should be affirmed if there is substantial evidence to support them. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Substantial evidence is "more than a scintilla, but less than a preponderance: '[i]t is such

3

relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting Bloodsworth, 703 F.2d at 1239). If the Court finds substantial evidence exists to support the Commissioner's factual findings, it must uphold the Commissioner even if the evidence preponderates in favor of the claimant. Id. Finally, the Commissioner's findings of fact must be grounded in the entire record; a decision that focuses on one aspect of the evidence and disregards other contrary evidence is not based upon substantial evidence. McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986).

The deference accorded the Commissioner's findings of fact does not extend to her conclusions of law, which enjoy no presumption of validity. Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding that judicial review of the Commissioner's legal conclusions are not subject to the substantial evidence standard). If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the Court must reverse the decision. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982).

### III. DISCUSSION

Plaintiff contends--in her five-page brief--that the ALJ erred by: (1) failing to adequately develop the record regarding Plaintiff's impairments, and (2) finding that Plaintiff had the residual functional capacity ("RFC") to perform sedentary work notwithstanding her back pain and depression. Pl.'s Br., pp. 3-4. The Commissioner contests both arguments. See generally Com'r's Br. The Court resolves the matter as follows.

**A.     The ALJ Properly Developed the Record.**

With very little elaboration, Plaintiff contends that the ALJ erroneously attempted to

"interpret raw data" in Plaintiff's medical record and that he should have obtained "an opinion from a medical source." Pl.'s Br., p. 4. According to Plaintiff, as no opinion regarding Plaintiff's RFC from a treating physician was present in the record, the ALJ had an obligation to obtain such an opinion. Id. Plaintiff also argues that the ALJ should have elicited testimony from a medical expert at the hearing. Id.

In response, the Commissioner argues that the ALJ properly relied upon the RFC evaluations of non-examining agency physicians in the instant case. Com'r's Br., p. 18. The Commissioner also correctly notes that the ALJ relied upon the opinion of a consulting psychologist who examined Plaintiff in determining Plaintiff's mental capacity. Id. at 18-19. The Commissioner has the better arguments.

The ALJ does have an obligation to obtain an assessment of the claimant's RFC. See 20 C.F.R. § 404.1520(e). It is also true that the ALJ must state with particularity the weight given different medical opinions and the reasons for the weight given, and failure to do so is reversible error. See Sharfarz v. Bowen, 825 F.2d 278, 279 (11th Cir. 1987) (*per curiam*). In particular, the testimony or opinion of a treating physician must be given substantial or considerable weight unless "good cause" is shown to the contrary. Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997). Furthermore, the ALJ cannot rely on the reports of non-examining sources if those reports contradict evidence from treating sources. See, e.g., Spencer ex rel. Spencer v. Heckler, 765 F.2d 1090, 1093-94 (11th Cir. 1985) (*per curiam*).

Nevertheless, these general principles of law do not prevent the ALJ from relying upon the opinions of non-examining doctors if those opinions are not contradicted by the evidence of record. See Edwards v. Sullivan, 937 F.2d 580, 585 (11th Cir. 1991). Indeed, although a non-examining doctor's opinion alone does not constitute substantial evidence,

5

see Spencer, 765 F.2d at 1094, the ALJ is obliged to consider the opinions of Agency consultants. See 20 C.F.R. § 404.1527(f)(2)(i). Here, contrary to Plaintiff's argument, the ALJ explicitly considered the evidence from her treating physicians, which does not contradict the opinions of the agency consultants. See R. 18-21. As the Court will discuss in further detail *infra*, the ALJ correctly determined that the record simply does not support Plaintiff's claims regarding the extent of her impairment. To put the matter plainly, the ALJ properly considered the non-examining physicians' opinions in his assessment of the record evidence as a whole.

In this regard, the Court notes that, contrary to Plaintiff's view, although the ALJ has a duty to develop the record, Plaintiff, not the Commissioner, bears the burden of producing medical evidence of impairment. Bowen v. Yuckert, 482 U.S. 137, 146 (1987). Simply put, "[i]t is not unreasonable to require the claimant, who is in a better position to provide information about his own medical condition, to do so." Id. at 146 n.5. Thus, the Court will not penalize the Commissioner for Plaintiff's failure to produce evidence of disability. See Ellison v. Barnhart, 355 F.3d 1272, 1276 (11th Cir. 2003) ("It is well-established that the ALJ has a basic duty to develop a full and fair record. Nevertheless, the claimant bears the burden of proving that he is disabled, and, consequently, he is responsible for producing evidence in support of his claim." (citations and quotations omitted)). Simply put, Plaintiff has not shown that the ALJ left any crucial issue undeveloped.

**B.    The ALJ's RFC Finding is Supported by Substantial Evidence.**

The flimsiness of Plaintiff's argument regarding the adequacy of the record becomes most apparent when one examines Plaintiff's related argument that the ALJ's RFC finding is not supported by substantial evidence. Plaintiff alleges that the ALJ failed to consider

evidence indicating that Plaintiff's back pain, pain medications, and depression rendered her disabled. Pl.'s Br., pp. 3-4. Yet, the ALJ's opinion discusses the medical evidence regarding Plaintiff's degenerative disc disease, pain medications, and depression at length. See R. 18-21.

The ALJ also explicitly evaluated the credibility of Plaintiff's pain testimony under the Eleventh Circuit's three-pronged test for evaluating a claimant's complaints of pain and other subjective symptoms. R. 21; see also Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991) (*per curiam*).[2] Under the Eleventh Circuit's pain standard, Plaintiff must show: (1) evidence of an underlying medical condition, and either (2) objective medical evidence that confirms the severity of the alleged pain or the restriction arising therefrom, or (3) that the objectively determined medical condition is such that it can reasonably be expected to give rise to the claimed pain or restriction. Id. When discrediting a claimant's subjective allegations of disabling pain, the ALJ must articulate "explicit and adequate" reasons for doing so, or "the implication must be so clear as to amount to a specific credibility finding." Foote v. Chater, 67 F.3d 1553, 1561-62 (11th Cir. 1995) (*per curiam*).

---

[2]The Court is aware that the ALJ mistakenly referred to being bound by "Fourth Circuit law" governing the evaluation of subjective complaints. See R. 21. Nevertheless, the ALJ's opinion demonstrates that he engaged in a careful evaluation of Plaintiff's pain testimony under the standard articulated by the Eleventh Circuit in Holt. See id. At any rate, the test used in the Fourth Circuit is essentially identical to the standard explained in Holt. Compare Craig v. Chater, 76 F.3d 585, 591 (4th Cir. 1996), with Holt, 921 F.2d at 1223. Of note, the ALJ also relied upon 28 C.F.R. § 1529, which codifies the standard articulated by both the Fourth and Eleventh Circuits. See R. 21 (citing 28 C.F.R. § 1529). More to the point, the appropriate standard for evaluating subjective testimony, as articulated in both Fourth Circuit and Eleventh Circuit case law, as well as in the pertinent regulations, has been mandated by Congress. See 42 U.S.C. § 423(d)(5)(A). Simply put, to the extent the ALJ mistakenly relied upon Fourth Circuit law, any error was harmless.

Plaintiff points to no deficiency in the ALJ's Holt analysis. Rather, in her attempt to cast doubt on the ALJ's credibility finding, Plaintiff only argues that "her testimony regarding her disability should be given great weight due to her admirable work ethic." Pl.'s Br., p. 4. Plaintiff does not point to any evidence in the record to cast doubt upon the ALJ's credibility finding.

Plaintiff's other arguments are similarly unavailing. For example, Plaintiff faults the ALJ for allegedly not taking Plaintiff's "antalgic gait" into consideration in reaching his RFC finding. Id. at 2. Yet, the ALJ explicitly noted that, in May 2001, November 2001, February 2002, and August 2002, Plaintiff's doctors reported that her gait was "normal." R. 19-20. Likewise, Plaintiff puts much stock in the fact that, in December 2000, she was prescribed Oxycontin, a "strong narcotic," by Dr. Lamar Peacock, her primary care physician. Pl.'s Br., p. 2 (citing R. 143-44). Yet, as the ALJ correctly observed in his opinion, Plaintiff's pain did not remain constant, but subsequently improved in the following months. See R. 18-21.

By February 2001, Plaintiff's pain was "definitely better." R. 133. During a May 18, 2001 appointment with Dr. Peacock, Plaintiff said that she had no pain. R. 129. Dr. Peacock reported that Plaintiff's pain was "very well controlled" and that she was doing "very well." R. 130. Plaintiff's other treating physicians also reported improvements. See, e.g., R. 225-26.

Notwithstanding these improvements, Plaintiff continued to complain of pain and had a microdiskectomy on October 18, 2001. R. 283-85. Following the surgery, Plaintiff's doctors reported the she was doing well and was able to become physically active. R. 224, 283-85. In 2002, Plaintiff underwent epidural injections and joint blocks which made Plaintiff's pain "much better." R. 221; see also R. 219.

8

The ALJ noted each of these developments in his opinion. See R. 18-21. Also of note, the ALJ determined that Plaintiff's daily living activities were inconsistent with her allegations of disabling pain. See R. 20. The ALJ noted that Plaintiff enjoyed cooking, shopping, sewing, painting, crafts, daily household chores, gardening, and visiting with friends "three times a week." Id. Tellingly, Plaintiff makes no attempt to dispute the ALJ's findings regarding her activities of daily living. Simply put, the ALJ properly discredited Plaintiff's subjective testimony under the Holt standard.

More generally, none of Plaintiff's arguments cast any doubt upon the ALJ's findings or his resultant conclusion that Plaintiff, while admittedly suffering from severe and painful impairments, is not disabled. In sum, the ALJ's opinion is thorough, well-reasoned, and based on substantial evidence. It should not be disturbed.

## IV. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the Commissioner's final decision be **AFFIRMED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of the Commissioner.

SO REPORTED and RECOMMENDED this 24th day of July, 2006, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE